**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case Number 21-cr-20165

v.                                                   Honorable Nancy G. Edmunds

DELONEO BREHAM,

    Defendant.
_____/

**<u>ORDER DENYING MOTION FOR SEVERANCE [20]</u>**

This criminal matter comes before the Court on Defendant Deloneo Breham's motion for severance brought pursuant to Federal Rule of Criminal Procedure 14(a). (ECF No. 20.) The government opposes Defendant's motion (ECF No. 22) and Defendant has filed a reply (ECF No. 23). Pursuant to E.D. Mich. Local Rule 7.1, the Court declines to hold a hearing.

**I.    Background**

On March 10, 2021, Defendant was indicted on six counts related to two alleged instances of car-jacking—one that is alleged to have occurred on February 22, 2021 and one that is alleged to have occurred on August 31, 2020. (ECF No. 11.) Defendant now moves the Court to issue an order severing Counts one through three (related to the February 22, 2021 incident) from Counts four through six (related to the August 31, 2020 incident) so that the counts related to each alleged incident may be tried separately.

The government alleges that during the August 31, 2020 incident, Defendant pointed a handgun at a woman in front of her minor children and demanded the keys to her car. According to the government, when the victim did not immediately give up the

1

keys, Defendant told her "don't make me do this in front of your kids." The victim then gave up her keys and Defendant allegedly took them and drove the car away. Defendant was later arrested in the lobby of a motel shortly after he hid his gun underneath a vending machine.

The indictment also brings three charges related to an alleged carjacking on February 22, 2021. On that date, the government contends that Defendant approached a man who was pumping gas into his truck, pulled out a handgun, pointed it at the victim and demanded the keys to the victim's truck. It is alleged that the victim did not give up his keys so Defendant shot him. The victim then brandished his own firearm and shot Defendant in his leg. Officers responded and located Defendant less than a quarter mile away from the scene with a fresh gunshot wound to the leg. Officers were not able to locate the handgun.

**II.     Analysis**

Defendant argues that severance is appropriate under Federal Rule of Criminal Procedure 14 because the two incidents took place on different dates approximately six months apart and he would be prejudiced if all six counts were to be tried together. According to Defendant, a jury would likely struggle with separating the evidence related to each alleged incident and applying it only to the proper offense. He also argues that the Court should allow separate trials on the grounds of misjoinder because Counts one through three are not temporally or logically related to Counts 4 through 6.

The government maintains that the charges are properly joined because they are all offenses of similar character and evidence of one crime would be admissible as to the other as evidence of intent, knowledge, plan and absence of mistake.  *See* Fed. R. Evid.

404(b). Moreover, the government states that it plans to request a jury instruction such as Sixth Circuit Pattern Criminal Jury Instruction 2.01A, to cure any danger of prejudice. Finally, the government avers that the interests of judicial economy warrant a single trial.

The Federal Rules of Criminal Procedure authorize an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Rule is permissive, but "[t]o the extent that it is consistent with providing the defendant with a fair trial, the Rule is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983). Nevertheless, "[i]f the joinder of offenses . . .appears to prejudice a defendant or the government . . ." the court may order separate trials of counts. Fed. R. Crim. P. 14(a).

As an initial matter, there is no misjoinder in this case. In both the August 2020 and February 2021 incidents, it is alleged that Defendant targeted a preoccupied victim (with minor children, pumping gas), pulled out a handgun, made a demand for car keys, escalated his threat, and eventually attempted to dispose of his handgun before being apprehended by police. Given the similarities between these two alleged incidents, the Court agrees with the government that the counts related "are of the same or similar character." Fed. R. Crim. P. 8(a). *See also United States v. Harris,* 635 F.2d 526 (6th Cir.1980) (two instances of tampering with the mail).

Additionally, the Court finds Defendant's general allegations of prejudice to be insufficient to overcome the trial convenience and judicial economy promoted by one trial. *See United States v. List,* 200 Fed. App'x 535, 541 (6th Cir.2006) ("[B]efore the court will

3

order separate trials, [a defendant] must show 'compelling, specific, and actual prejudice from a court's refusal ... to sever.") (*quoting United States v. Saadey,* 393 F.3d 669, 678 (6th Cir.2005)). It is presumed that a jury is capable of considering each count separately and Defendant has presented no evidence to undermine this presumption. *United States v. Cope,* 312 F.3d 757, 781 (6th Cir.2002). Moreover, the government's plan to request a limiting instruction further ensures any potential prejudice will be cured. *Id.*; *see also United States v. Chavis,* 296 F.3d 450, 462 (6th Cir.2002) ("[L]imiting instructions can ... minimize the danger of prejudice resulting from improper joinder of offenses under Rule 8(a), particularly where 'it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning' the different offenses charged."); *United States v. Frost,* 125 F.3d 346, 391 (6th Cir.1997) ("The District Court further minimized any prejudice by instructing the jury to consider only the evidence against each defendant on each charge ... without regard to the other charges or defendants.").

### III. Conclusion

Based on the foregoing, the Court finds that pursuant to Rule 8 of the Federal Rules of Criminal Procedure, the counts contained in the Indictment (ECF No. 11) are properly charged in a single indictment and can be addressed in a single trial. Further, the Court finds that the Defendant has failed to make a sufficient showing, under Rule 14, that the counts should be addressed in separate trials. Accordingly, the Court finds that the Defendant's Motion to Sever (ECF No. 20) is unnecessary, and therefore, it is DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Hon. Nancy G. Edmunds

4

Dated: August 6, 2021 U. S. District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
